**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 3, 2013

Lyle W. Cayce
Clerk

No. 11-40806
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARK PHILLIP TILFORD,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:10-CR-1236-1

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Mark Phillip Tilford appeals the 125-month sentence and $100,000 restitution award imposed after he pleaded guilty to one count of receipt of child pornography. His contention that the Government was required to prove that his conduct was the proximate cause of the losses claimed by the victim is foreclosed. *See In re Amy Unknown*, 701 F. 3d 749, 759 (5th Cir. 2012), *petition for cert. filed* (Jan. 31, 2013) (Nos. 12-8505 & 12-8561). Because the record showed that the victim suffered more than $1 million in losses, the $100,000

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

restitution award was an error in Tilford's favor.  We affirm the award because the Governemnt has not appealed it.  *See id.* at 773-74 (citing *Greenlaw v. United States*, 554 U.S. 237, 246 (2008)).

Tilford also contends that the district court erred by increasing his offense level by two levels for distribution under U.S.S.G. § 2G2.2(b)(3)(F).   The Guidelines broadly define "distribution" as "any act . . . related to the transfer of material involving the sexual exploitation of a minor."  § 2G2.2 comment. (n.1).  Tilford stipulated that he "used the LimeWire peer-to-peer file sharing program to obtain his child pornography; that the program, upon installation, warns users that they will be making files available to share to other users; and that [a detective] did in fact download multiple images and/or videos of child pornography from Mr. Tilford's computer."  Because Tilford used a peer-to-peer program to obtain images of child pornography and to make the images available to others, his conduct was related to the transfer of illegal material and was therefore distribution.  *See* § 2G2.2, comment. (n.1).

The judgment of the district court is AFFIRMED.